Shientag, J.
The narrow question presented on this appeal is whether the cause of action is barred by the New York six-year Statute of Limitations. That depends upon the interpretation to be placed upon the tolling provisions of section 13 of the Civil Practice Act, as amended in 1948 and 1949. The learned court at Special Term held that the New York Statute of Limitations was not a bar and it denied the defendant’s *224 motion to dismiss the complaint on that ground. With that conclusion we agree.
The complaint merely alleges a claim for moneys had and received in the sum of $3,943.15, the equivalent of 17,000 Swiss francs, for which the defendant became indebted to the plaintiff on March 9, 1938. Nothing is said in the complaint as to where this transaction took place.
When the motion was made to dismiss on the ground that the New York six-year Statute of Limitations was a bar, the opposing affidavit recited the following facts: “ The cause of action set forth in the complaint herein arose in Austria on March 9, 1938, by reason of defendant’s failure to comply with his agreement made with plaintiff in Austria, whereby plaintiff remitted from Austria, from the proceeds of a loan obtained by him, the sum of 17,000 Swiss francs (equal to 21,000 shillings), for the account of the defendant, in consideration of defendant’s promise to pay in Austria that part of the loan, or otherwise to take care that said part of said loan should not be collected from plaintiff or from his property in Austria.” The opposing affidavit further recited that since on or about March 11,1938, “ Austria was territory occupied by the Government of Germany, a government with which * * * the United States was subsequently at war ”, and “ Said occupation of Austria by Germany continued at least until May 8, 1945, the date of the Armistice with Germany ’ ’.
The action was begun on May 11, 1949, more than six years after it arose according to the allegations of the complaint. The plaintiff contended below, and urges on this appeal, that under the provisions of section 13 of the Civil Practice Act, as amended, the period during which Austria was occupied by Germany is not a part of the time limited in article 2 of the Civil Practice Act for commencing the action set forth in the complaint; in other words, that the Statute of Limitations was tolled during the entire period of Germany’s occupancy of Austria, and this irrespective of the fact that the World War itself did not break out until September 1, 1939, and that the United States did not enter that war until December 8, 1941. We are thus, on this appeal, confronted with one of those troublesome questions of statutory construction; the interpretation to be given to the 1948 and 1949 amendments to section 13 of the Civil Practice Act.
The 1948 amendment was not initiated by the Law Revision Commission. That amendment, so far as is here pertinent, reads *225 as follows (L. 1948, ch. 834): “ * * * except that where the cause of action arose in a foreign country with which the United States or any of its allies was then or subsequently at war, or in territory then or subsequently occupied by the government of such foreign country, the period during which such foreign country was at war with the United States or any of its allies, or during which such territory was so occupied, is not a part of the time limited in this article for commencing the action; * # # ??
It is not easy to determine from the statute the period of time that is tolled. So far as enemy-occupied territory, such as Austria, is concerned, there are three possible ways of construing the tolling period: (1) that it was to commence from the date that the occupation began, although on that date neither the United States nor any of its allies were as yet at war with the occupying country; (2) that it was to cover the period during which such territory was occupied from the date the first country which later became an ally of the United States declared war upon the occupying country; (3) that the period contemplated by the statute was that during which the territory was occupied from the date the United States declared war upon the occupying country. The appellant contends that the third construction above referred to is the correct one. We are in doubt as to whether the first construction is the one to be applied in a proper case, and we do not pass upon that question on this appeal since it is unnecessary to do so.
It suffices to hold, for the purposes of this case, that the second construction above referred to is applicable, namely, that the 1948 amendment to section 13 tolled the Hew York Statute of Limitations for the period during which Austria was occupied by Germany, from the date the first country which later became an ally of the United States declared war upon the occupying country.
The Law Revision Commission recommended the 1949 amendment to section 13. That section, as thus amended, so far as is here pertinent, reads as follows (L. 1949, ch. 855):
‘ ‘ Where such cause of action * * * arose in a foreign country with which the United States or any of its allies was then or subsequently at war, or in territory then or subsequently occupied by the government of such foreign country, the period [during which such foreign country was at war with the United States or any of its allies, or during which such territory was so occupied,] between the commencement of the war, or the occu *226 pation of such country, and the termination of hostilities with such country, or the termination of such occupation, is not a part of the time limited in this article for commencing the action; * * V’ (Matter in brackets is that omitted from the 1948 amendment to section 13; matter in italics is new matter included in the 1949 amendment.)
“ § 2. A cause of action as to which the time limited for the commencement of an action thereon, as extended by chapter eight hundred thirty-four of the laws of nineteen hundred forty-eight, shall not have expired on September first, nineteen hundred forty-nine, and as to which the time limited is, by this section, so shortened that such time would have expired, or that there would' remain of such time a shorter period than six months, on that date, may be commenced within six months after September first, nineteen hundred forty-nine. ’ ’
The recommendation of the commission accompanying this proposed amendment which was enacted into law reads as follows: “ Since the war will not be ended except by treaty of peace between the belligerents, the period of time prescribed for the suspension of the statute of limitations is of indefinite duration. The Commission believes that the period during which the statute of limitations is tolled should not be longer than the period between the commencement of the war and the termination of hostilities as to a cause of action accruing in a country then or subsequently at war with the United States or any of its allies, and as to a cause of action accruing in territory which was then or later occupied by the enemy not longer than the period of occupation. In order that the running of the statute of limitations should not be unduly extended by the tolling provision of the statute, it is recommended that existing causes of action be required to be commenced within the normal statute of limitations, unextended by the tolling provisions, or within one year from September 1, 1949, whichever is longer.” (N. Y. Legis. Doc., 1949, No. 65 [L], p. 7.)
While the specific changes in section 13 which the Law Revision Commission had in mind in 1949, are clearly set forth, its attempted clarification of the period of tolling, although an improvement on the original amendment which did not emanate from the commission, has not altogether accomplished the desired result; the language used by the commission in its recommendation, which was incorporated in the statute, still does not leave the legislative intent altogether free from doubt.
*227 In enacting the 1948 and 1949 amendments to section 13 of the Civil Practice Act, it is probable that the Legislature had in mind conditions resulting from German-occupied territories beginning after 1938, and did not envisage the application of these amendments to the Japanese occupation of territory in China going back as far as 1931. The war which the Legislature had in mind when it used that term in the amending statutes was the world war which began on September 1, 1939. It is clear from these amendments that the Legislature wanted to afford some measure of protection for a period arising before the United States entered the World War, i.e., from September 1,1939. It is possible that it was the intention of the Legislature to extend the . benefits of the tolling provisions to claims arising in what turned out to be enemy-occupied territory even before that date, for example, those arising in Austria during the Anschluss or after March 11, 1938. As has been stated, it is unnecessary to decide that last point on this appeal, for if we assume that the tolling period, for claims arising in enemy-occupied countries, begins from the time that the first ally of the United States entered the war, that is, from September 1, 1939, the period of tolling is sufficient, in the instant case, to prevent the six-year New York Statute of Limitations from operating as a bar.
The chronolgy of events may briefly be summarized as follows: The claim arose in Austria on March 9, 1938. That country was occupied by Germany on March 11, 1938. The World War started on September 1, 1939. The United States entered the World War on December 8,1941, and this action was commenced on May 11, 1949. The hostilities ended on May 8, 1945. The Statute of Limitations would be tolled for the period from September 1, 1939, to May 8, 1945, and this would be more than sufficient to prevent the six-year Statute of Limitations from operating as a bar.
The court at Special Term was not concerned with any problem other than that affecting the six-year New York Statute of Limitations. Nothing else was dealt with in the papers before it. Under those circumstances it was proper to deny the motion to dismiss the complaint. That still would leave the defendant free to litigate other aspects concerning the operation of the Statute of Limitations here and in Austria by appropriate defenses in his answer.
The question as to the retroactive application of the amendment and the constitutionality thereof has not been raised on *228 this appeal. But in Gallewski v. Hentz & Co. (276 App. Div. 219), decided-herewith, this court has held that the Legislature has the power, in a situation such as is here presented, to revive claims already barred (Civ. Prac. Act, § 27).
The order should be affirmed, with $20 costs and disbursements to the respondent, and with leave to the defendant to interpose his answer if that has not already been done.
Peck, P. J., Glennon, Does and Van Vooehis, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements with leave to the defendant to interpose his answer if that has not already been done. Settle order on notice.